IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DONALD D. PARKELL and THE )
INMATES OF JAMES T. VAUGHN )
CORRECTIONAL CENTER, )
 )
  Plaintiffs, )
 )
v. ) Civ. No. 15-718-SLR
 )
DAVID PIERCE, et al., )
 )
  Defendants. )

---

Donald D. Parkell, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro se Plaintiff.

---

**MEMORANDUM OPINION**

Dated: October 21, 2015
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Donald D. Parkell ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983[1] and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq.. (D.I. 3) Plaintiff requests counsel (D.I. 4) and seeks class certification (D.I. 6).

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive

plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Plaintiff alleges that on June 23, 2015, he asked defendant Ronald Frederick ("Frederick") a question about legal mail, he responded by yelling at plaintiff and, in a fit of rage, sprayed plaintiff with Vexor (commercial pepper spray) all over plaintiff's face, chest, and arms until plaintiff was completed covered in the chemical. (D.I. 3, ¶¶ 25-33) Plaintiff was handcuffed, seen by a nurse, taken to a holding cell, and transferred to building 18. (*Id.* at ¶¶ 34-36) Despite requests, it was more than a day before plaintiff was allowed to shower. (*Id.* at ¶¶ 37-38)

A classification hearing (held the next morning) found merit to house plaintiff in building 21 for one full year. (*Id.* at ¶ 39) Shortly after the reclassification, an unnamed lieutenant plaintiff describes as defendant John Doe hearing officer ("Doe hearing

3

officer") arrived to conduct a disciplinary hearing. (*Id.* at ¶¶ 40-42) Plaintiff agreed to waive calling Frederick as a witness, but he did not waive any other rights, and told Doe hearing officer what he thought his witnesses would say. (*Id.* at ¶¶ 43-46) Plaintiff alleges that the lieutenant told him that if the matter was resolved without calling Frederick, plaintiff would receive a five-day sanction as opposed to a thirty-day sanction. (*Id.* at ¶ 42) Plaintiff was found guilty, appealed, and his appeal was denied by defendant John Doe appeal officer ("Doe appeal officer"). (*Id.* at ¶¶ 47, 50) Plaintiff served his sanction and was transferred to building 21 before the appeal was heard.[2] (*Id.* at ¶ 52) Plaintiff alleges that he did not waive his right to 24-hour notice or waive calling witnesses who would have given their own account of the events, and that more witnesses would have become available through a reasonable investigation. (*Id.* at ¶¶ 48-49)

Plaintiff complains that the conditions in building 21 are different from B building conditions including: (1) prohibition against shaving facial, scalp, or body hair; (2) the manner in which inmates are given hair cuts; (3) inmate restraints during legal visits and a prohibition against bathroom breaks during legal visits; (4) cell assignments made without considering compatibility, risk assessment, or mental health capacity of inmates celled together; (5) three to four minute mental health evaluations that are provided only to inmates on "the list" and conducted through the door to the main hallway where officers sit next to the clinician and often stand at the door with the clinician; (6) double-celled housing with a maximum amount of one hour out of the cell per day, with no

---

[2]Plaintiff presumably received a 5-day sanction. (*See* D.I. 3, ¶ 65)

4

allowance to make up missed hours; (7) quality of life levels in buildings 17, 19, 21, and 23, that provide a sliding scale opportunity (levels one through four) for privileges and cause unequal treatment, atypical conditions, and denial of medical care;[3] (8) denial of the opportunity to participate in group religious worship; (9) shaving in accordance with religious beliefs; (10) delay and denial of dental care due to too few dental provider employees; (11) plaintiff's denial of his request for sensodyne toothpaste despite his pica[4] condition; (12) prohibition against social activities and sharing newspapers, books, and magazines; (13) abuse of the practice of arbitrary 24's that gives permission to any officer to summarily punish an inmate with immediate cell restriction and loss of all privileges;[5] (14) inmates are subjected to overwhelming disdain by the officers that causes a pattern of misuse of authority; (15) plaintiffs are not allowed to have blankets after 9:00 AM every day even though the VCC ventilation system pumps cold air into buildings 17 through 23 and inmates are not allowed to leave their cells;[6] (16) pillows are not provided; (17) the toilet has a mechanism that times the number of flushes so

---

[3]Inmates at level one may not order or purchase food items or over the counter medications. (*Id.* at ¶ 53) Inmates in buildings 17-23 are forbidden from purchasing food and cosmetic items that are in squeeze bottles, art supplies, games, playing cards, pencils, and erasers. (*Id.*)

[4]An abnormal craving or appetite for nonfood substances. *The American Heritage Stedman's Medical Dictionary* 634 (2d ed. 2004). Plaintiff chews and swallows plastic pens and his attempts to stop chewing pens resulted in plaintiff substituting his fingers for the pens. (D.I. 3, ¶ 53)

[5]On an unknown date, defendant Tina Linsey ("Linsey") issued plaintiff a 24 even though he complied when she ordered him to remove his hat. (*Id.* at ¶ 54)

[6]Plaintiff suffers from arthritis and the cold temperature causes him pain. (*Id.* at ¶ 56) The complaint does not provide a time-frame for the cold air/no blanket in cell allegations.

5

that if a toilet is flushed twice within five minutes, the toilet cannot be flushed again for one hour; (18) defendant Madeline Lynch ("Lynch") inventories the property of inmates housed in buildings 17, 19, 21, and 23 and decides what the inmate may keep, including legal supplies, religious materials, and cosmetics;[7] (19) inmates are limited to three books, but legal paperwork is not limited; (20) inmates are not provided with bleach for cleaning; (21) clothing contaminated with feces is disposed of and not replaced; (22) clothing sent to be laundered oftentimes does not return;[8] (23) building 21 showers have black mold and are only cleaned once a month; (24) because they are not given physical access to the law library, inmates involved in litigation who need photocopying must send their legal work through unsecured "house mail" to the law library which allows defendants to read the paperwork and decide whether to copy it, allows staff to read the paperwork, and creates a risk of lost or stolen legal work;[9] (25) defendants refuse to provide legal supplies to inmates without a court ordered deadline different from other Delaware prisons that require only a "pay-to" submission for supplies by inmates serving level 5 sentences;[10] (26) defendants Gladys Little ("G. Little") and Linsey abuse their authority and punish inmates with arbitrary cell and strip

---

[7]On an unknown date, Lynch denied plaintiff a Jewish magic book and the Book of Abramelin and gave plaintiff a bible ripped in half. (*Id.* at ¶ 59) Plaintiff alleges that Lynch did not allow plaintiff to keep newspaper clippings of articles of evidence and legal accordion folders. (*Id.*)

[8]On an unknown date, plaintiff's clothes were not returned, were not replaced, and he was not given another laundry bag to send clothes out for washing. (*Id.* at ¶ 63)

[9]Plaintiff alleges that this has happened to him many times, but he does not provide dates. (*Id.* at ¶ 67)

[10]Plaintiff alleges that this happens to him "consistently, despite his litigation in a number of ongoing cases" but provides no dates. (*Id.* at ¶ 68)

6

searches;[11] and (27) inmates with mental health issues who were housed in buildings 17 and 19 were moved to buildings 21 and 23 where they are subjected to most of the extreme restrictions and they are also double celled. Plaintiff also complains of conditions in building 18, including that inmates held in isolation are strip searched three times per day,[12] and he was denied his religious text and legal supplies contrary to prison policies.

### A. Class Action

Plaintiff moves for class certification. (D.I. 6) As grounds, he posits that the case involves complex issues challenging VCC practices that are unconstitutional to a fluid class of plaintiffs who are subjected to identical conditions. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, there are four prerequisites which must be met before a proposed inmate class action may be certified: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). A district court can only certify a class if all four Rule 23(a) requirements are met. See In re Hydrogen

---

[11]Plaintiff alleges that G. Little told him and others that she will shake down anyone who annoys her, files grievances, or walks around the tier on recreation. He alleges that G. Little has searched him numerous times for these reasons. Plaintiff does not indicate when the shake downs occurred. Plaintiff alleges that Linsey conducts inmate searches when inmates annoy her or ask to clean their cell during recreation time. (Id. at ¶ 69)

[12]Plaintiff was housed in building 18 for five days, but the complaint does not provide the dates. (Id. at ¶ 65)

*Peroxide Antitrust Litig.*, 552 F.3d 305, 309 n.6 (3d Cir. 2008). The failure to satisfy any single element is fatal to plaintiff's request to pursue claims on behalf of a class of other inmates.

As currently pled, plaintiff's complaint fails to satisfy all Rule 23(a) elements given that the complaint contains questions of law and/or fact that are not common to the class. For example, plaintiff complains that he did not receive his procedural due process rights following the receipt of a disciplinary violation after his altercation with Frederick, that Frederick subjected him to excessive force,[13] and that Lynch arbitrarily chose which property plaintiff could keep in his cell. These claims are not common to the proposed class. Accordingly, the court will deny plaintiff's motion requesting class certification.

## B. Deficient Pleading

The complaint as currently pled is deficient. Many of the allegations raised by plaintiff are on behalf of inmates other than himself. Plaintiff is not an attorney, may not act as an attorney for other individuals, and may only represent himself in this court. *See* 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical Coll. of Penn.*, 937 F.2d 876 (3d Cir. 1991). To the extent the complaint contains allegations directly related to plaintiff, the complaint does not indicate when or where the alleged acts occurred. For example, the complaint does not indicate when plaintiff was housed in building 18 and/or 21, how long he was housed in those buildings, and in what building the acts he

---

[13]Plaintiff specifically refers to three claims in his complaint: due process, cruel and unusual punishment, and RLUIPA. (*See* D.I. 3, ¶¶ VI. A., B., C) The body of the complaint also alleges excessive force by Frederick. (*Id.* at ¶ 94)

complains of occurred. Also, depending upon the claim, plaintiff does not always identify the defendant who allegedly violated his constitutional rights. In addition, it is clear from the complaint that claims are raised against some defendants based upon their supervisory positions. Claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009). Finally, the complaint contains conclusory allegations of constitutional and RLUIPA violations. For all of these reasons, the complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1).

### C. Due Process

Plaintiff attempts to raise two distinct due process claims. First, plaintiff argues that placement in buildings 17, 19, 21, and 23 creates a significant liberty interest because placement can last multiple years and the restrictions associated with building 17 through 23 are highly atypical. (D.I. 3, ¶¶ 72, 73) The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Connor*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). State created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484). In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement and the conditions of that

9

confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d at 532 (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)).

The complaint as pled fails to state a claim upon which relief may be granted. It is not clear if plaintiff raises claims with regard to housing in building 18 or 21, or both. Nor is it clear how long plaintiff was housed in either building or where he is currently housed. Therefore, the claim will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to amend the claim only to the extent that he may plead claims for alleged violations of his constitutional rights.

Plaintiff's second due process claim attempts to allege procedural due process claims relating to the disciplinary charge and hearing wherein he was found guilty and sanctioned. (D.I. 3, ¶ 74) Plaintiff alleges that he did not receive 24 hours notice of the charges against him, was denied the right to call witnesses and confront his accuser, the hearing officer was not impartial, and the appeal officer failed to correct the due process violations.

While prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991). The requirements of due process in prison disciplinary hearings are that an inmate is entitled to: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to

the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-71. However, inmates do not have an absolute federal constitutionally protected right to confront and cross-examine witnesses at their prison disciplinary hearings. *Id.* at 567-68. *See also Young v. Kann*, 926 F.2d 1396, 1404 (3d Cir. 1991). For Due Process purposes in prison disciplinary hearings, "the requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in circumstances underlying the charge." *Speight v. Minor*, 245 F. App'x 213 (3d Cir. 2007) (quoting *Meyers v. Alldredge*, 492 F.2d 296, 306 (3d Cir. 1974)). Finally, the right to appeal a disciplinary conviction is not within the narrow set of due process rights delineated in Wolff. *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983).

With regard to plaintiff's claims that Doe hearing officer was not impartial, there are no allegations of his personal involvement in the circumstances underlying plaintiff's disciplinary violation. Similarly, the claim that Doe appeal officer did not correct due process violations is legally frivolous. Thus, plaintiff is not entitled to relief on either of those claims and they will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Finally, plaintiff has failed to state a claim upon which relief may be granted on the remaining procedural due process claims. However, he may be able to do so upon amendment. Therefore, the remaining procedural due claims will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1), and plaintiff will be given leave to amend those claims.

### D. Eighth Amendment

Plaintiff alleges that he and other VCC inmates are subjected to cruel and unusual punishment. (D.I. 3, ¶¶ 75-84) It appears that his claims are raised on behalf of all inmates at the VCC. Plaintiff refers to conditions of confinement, mental health and medical treatment, and dental care. Similar to the due process claims, it is not clear if the claims are related to housing in building 18 or 21, or both or when the alleged constitutional violations occurred. Therefore, the claim will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to amend the claim only to the extent that he may plead claims for alleged violations of his constitutional rights.

### E. Religion

Plaintiff attempts to raise First Amendment religion and RLUIPA claims on behalf of all inmates. (D.I. 3, ¶¶ 85-88) To state a claim under RLUIPA, an institutionalized person must allege a "substantial burden on [his] religious exercise." 42 U.S.C. § 2000cc-1. Under RLUIPA, "[a] plaintiff-inmate bears the burden to show that a prison institution's policy or official practice has substantially burdened the practice of that inmate's religion." *Washington v. Klem*, 497 F.3d 272, 278 (3d Cir. 2007).[14] The instant

---

[14]"The least-restrictive-means standard is exceptionally demanding, and it requires the government to show that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party." *Holt v. Hobbs*, __U.S.__, 135 S.Ct. 853, 864 (2015) (internal quotation marks and

complaint does not identify plaintiff's religion and, for the most part, attempts to raise claims on behalf of inmates other than plaintiff. In addition, when a prisoner claims that his First Amendment right to exercise religion has been curtailed, a court must determine as a threshold matter whether the prisoner has alleged a belief that is "both sincerely held and religious in nature." *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000). The complaint is deficient in this regard.

As currently pled, the First Amendment and RLUIPA claims fail to state a claim upon which relief may be granted. Therefore, they will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to amend the First Amendment and RLUIPA claims only to the extent that he may plead claims for his alleged violations.

### F. Legal Materials

Plaintiff alleges that defendants Mike Little ("M. Little") and Maria Lyons ("Lyons") failed to provide legal supplies in reasonable amounts without a court order and failed to institute a practice to ensure legal documents remain privileged. As alleged, the claims are frivolous. It is clear from the allegations that plaintiff is provided with legal supplies, but not in the amounts he desires. Therefore, the court will dismiss the legal supplies claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The claims that legal documents do not remain privileged also fails given that the claim as pled is conclusory and pled only generally. The court will dismiss the claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

---

alterations omitted).

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to amend the legal document/privilege claims only to the extent that he may plead claims for his alleged violations.

## G. Personal Property

To the extent plaintiff attempts to raise claims based upon personal property taken from him, the claims are not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. *See Parratt v. Taylor,* 451 U.S. 527, 542 (1981), *overruled on other grounds by,* 474 U.S. 327 (1986); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Plaintiff has available to him the option of filing a common law claim for conversion of property under Delaware law and cannot maintain a cause of action pursuant to § 1983. *See Hudson,* 468 U.S. at 535; *Nicholson v. Carroll*, 390 F. Supp. 2d 429, 435 (D. Del. 2005). Accordingly, the claims will be dismissed as legally frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## H. Request for Counsel

Plaintiff requests counsel on the grounds that he is unable to afford counsel, the issues are complex, he has extremely limited access to the law library, there are a number of plaintiffs in the class, he is not qualified to represent the class, and he currently experiences retaliation from the VCC staff. (D.I. 4) A pro se litigant proceeding in forma pauperis, like plaintiff, has no constitutional or statutory right to representation by counsel.[15] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir.

---

[15]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an

2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Assuming, solely for the purpose of deciding this motion, that plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. As the case now stands, it will not proceed as a class action. Also, the issues are not complex, this case is in its early stages, and plaintiff will be given leave to amend his complaint. In addition, plaintiff is a frequent filer in this court and has adequately represented himself in the past. To date, plaintiff's filings indicate that he continues to possess the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that representation by an attorney is warranted at this time. The court can address the issue at a later date should counsel become necessary. Therefore, the court will deny the request for counsel without prejudice to renew.

---

unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

15

## IV. CONCLUSION

For the above reasons, the court will: (1) dismiss all claims and defendants, with the exception of the excessive force claim against Frederick, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), § 1915(e)(2)(B)(ii), and § 1915(A)(b)(1); (2) give plaintiff leave to amend as set forth in the body of this memorandum opinion; (3) deny without prejudice to renew the request for counsel (D.I. 4); and (4) deny the motion requesting class certification. A separate order shall issue.