IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DONALD D. PARKELL,

      Plaintiff,

v.                                           C.A. No. 15-718-LPS

RONALD FREDERICK, et al.,

      Defendant.

James S. Green, Sr., Jared T. Green, SEITZ, VAN OGTROP & GREEN, P.A., Wilmington, DE
    Attorneys for Plaintiff

Devera B. Scott, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Dover, DE
    Attorney for Defendants

**MEMORANDUM OPINION**

March 31, 2019
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Pending before the Court is Defendant Sgt. Ronald Frederick's motion (D.I. 46) seeking to reargue the Court's March 19, 2018 Order (D.I. 44) ("Order") denying summary judgment on Plaintiff's excessive force claim and, in particular, the portion addressing Defendant's exhaustion defense. According to Defendant, the Court made a clear error of fact by failing to consider Cpl. Dutton's affidavit that had attached grievances Plaintiff filed during the relevant period, none of which concerned the alleged excessive force incident at issue. (D.I. 46 at 4-5) Defendant also faults Plaintiff for failing to respond to Defendant's motion for summary judgment, and for failing to request documents from Defendant after Plaintiff alleged his records were lost and/or destroyed following the February 2017 uprising at the James T. Vaughn Correctional Center ("VCC"). (*Id.* at 5) Plaintiff responds that the Court already considered Dutton's affidavit and attachments, and that Defendant is merely rehashing old arguments. (D.I. 47 at 1)

## II. LEGAL STANDARDS

"The purpose of a motion for reconsideration is to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Wood v. Galef-Surdo*, 2015 WL 479205, at *1 (D. Del. Jan. 26, 2015) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reargument "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). "Reargument [] may be appropriate where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues

presented to the court by the parties, or has made an error not of reasoning but of apprehension.'" *Id.* (quoting *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1241 (D. Del. 1990); D. Del. LR 7.1.5)). While the decision on a motion for reargument is within the discretion of the District Court, such motions "should only be granted sparingly." *Kavanagh v. Keiper Recaro Seating, Inc.*, 2003 WL 22939281, at *1 (D. Del. July 24, 2003) (citing *Dentsply Int'l., Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999)).

## III. DISCUSSION

Reviewing the parties' arguments in light of the applicable legal standard, the Court is not persuaded that reargument is warranted.[1]

Defendant first argues the Court failed to consider Dutton's affidavit (D.I. 46 at 4), but the Court addressed the affidavit in its Memorandum Opinion and acknowledged that none of the attached grievances concerned the alleged excessive force incident (D.I. 43 at 4, 14). The Court noted that, even with the benefit of Dutton's affidavit, there were deficiencies in Defendant's proffered evidence such that "a reasonable factfinder could find exhaustion" when viewing the evidence in the light most favorable to Plaintiff. (*Id.*) Defendant has provided no persuasive basis for the Court to reconsider this conclusion.

---

[1] Defendant filed a reply brief, which arguably contains new arguments not raised in his opening brief, which should not be considered. *See generally Perrigo Co. v. Intl. Vitamin Co.*, 2019 WL 359991, at *2 (D. Del. Jan. 29, 2019) ("Because this argument was raised for the first time in a reply brief, this Court may consider it waived."); *see also* D. Del. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."). In any event, the Court's Local Rules do not permit a reply brief to be filed in support of a motion for reargument. *See* D. Del. LR 7.15(a) ("The Court will determine from the motion an answer whether reargument will be granted."); *see also Johns Hopkins University v. Alcon Laboratories, Inc.*, 2017 WL 5172395, at *3 ("The Court sees no basis to deviate from its standard practice to limit briefing on motions for reconsideration only to an opening and answering brief."). The Court will not consider Defendant's reply brief.

For instance, Defendant did not address how the VCC processes grievances deemed nongrievable. (D.I. 43 at 14; *see also id.* at 14 n.4) Dutton's affidavit also says nothing about the VCC's process for determining whether a grievance is nongrievable. Standing against Dutton's affidavit is Plaintiff's testimony that he filed a grievance in connection with the incident, and that it was returned as nongrievable. (D.I. 43 at 14) While Defendant correctly states that, generally, a party's "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment," *Paladino v. Newsome*, 885 F.3d 203, 208 (3d Cir. 2018) (internal quotation marks omitted), the Court did not rely solely on Plaintiff's testimony. The Court also cited Plaintiff's April 2017 filing, "wherein [Plaintiff] indicates that his property was seized and destroyed due to the February 2017 uprising at VCC and that he lost nearly all of his paperwork, books, notes, exhibits, affidavits, etc. pertaining to this case." (D.I. 43 at 14) (citing D.I. 33) Neither Dutton's affidavit nor any other evidence refutes this allegation. (D.I. 43 at 14)

At bottom, the Court perceives no basis to reconsider its prior conclusion that "constru[ing] the evidence in the light most favorable to Plaintiff . . . Defendants have not met their burden" of proving that summary judgment is warranted for Defendant's exhaustion defense (and, thereby, on Plaintiff's excessive force claim). (*Id.*)

## IV. CONCLUSION

Defendant's motion merely "rehash[es] arguments already briefed," which is not the purpose of a motion for reargument. *Kavanagh*, 2003 WL 22939281, at *1 (quoting *Dentsply*, 42 F.Supp.2d at 419). Therefore, the Court will deny the motion. An appropriate order follows.

3